IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LEE ANN SOMMERVILLE, et al.,

    Plaintiffs,

v.                             CIVIL ACTION NO. 2:19-cv-00878

UNION CARBIDE CORPORATION,

    Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Strike Class Allegations, [ECF No. 39], filed by Defendant Union Carbide Corporation ("Union Carbide"). Named Plaintiff Lee Ann Sommerville and the putative Class Members have responded. [ECF No. 45]. Defendant has replied, [ECF No. 48], and the Motion is ripe for adjudication The Motion to Strike, [ECF No. 39], is **DENIED** for the reasons that follow.

I.    Introduction

Plaintiff in this case brings a class action against Union Carbide, the owner and operator of a manufacturing facility in South Charleston, West Virginia, for damages resulting from Defendant's alleged dangerous and reckless emission of ethylene oxide ("EtO"). Pl.'s First Amend. Class Action Compl. ¶ 1 [ECF No. 27]. Plaintiff alleges that EtO is a colorless and odorless known carcinogen, that the Environmental Protection Agency ("EPA") classifies as a "hazardous air pollutant."

*Id.* at ¶¶ 1–19. The First Amended Class Action Complaint (the "Complaint") alleges that U.S. companies became broadly aware of EtO's carcinogenic effects in 1977 and the National Institute of Occupational Safety and Health (the "NIOSH"), the U.S. Department of Health and Human Services (the "HHS"), the World Health Organization (the "WHO"), and the EPA have continued to confirm EtO's carcinogenic and mutagenic properties since 1977. *See id.* at ¶¶ 19–27. Plaintiff further claims that "[w]hile acute inhalation exposure to high concentrations of EtO can cause headache, dizziness, nausea, fatigue, respiratory irritation, vomiting and other types of gastrointestinal distress, studies show that long-term exposure to EtO increases the risk of cancer, including lymphomas, leukemias, myeloma, and breast cancer." *Id.* at ¶ 20.

Defendant's plant in South Charleston manufactures EtO and utilizes EtO for other heavy industrial processes. According to Plaintiff, Defendant's plant in South Charleston has emitted huge volumes of EtO gas as a result of these operations every year since 1978. *Id.* at ¶ 17. Plaintiff claims that because EtO's half-life in the atmosphere is 211 days it can remain in the atmosphere for months and because its heavier than air, it can linger and travel along the ground. *Id.* at ¶¶ 29–30. Union Carbide allegedly operated its plant in South Charleston "without sufficient pollution controls to limit and/or eliminate the emissions of toxic EtO" and failed to warn Plaintiff and putative Class Members that "the air was materially contaminated with toxic levels of EtO." *Id.* at ¶¶ 37, 39.

The Complaint avers that the "EPA's 2014 National Air Toxics Assessment

('NATA') demonstrated severe cancer risks in the area surrounding the South Charleston Plant. The 2014 NATA places the cancer risks of the census tracts measured in and around South Charleston as the highest in West Virginia and among the highest in the country." *Id.* at ¶ 33. Plaintiff further avers that the 2014 NATA indicates that the "the elevated cancer risks in and around South Charleston are almost entirely due to Union Carbide's EtO emissions." *Id.* at ¶ 34.

Plaintiff and putative Class Members have lived within the vicinity of Defendant's plant in South Charleston during the time Defendant has been emitting EtO. *Id.* at ¶ 42. The Complaint claims that Plaintiff and putative Class Members live in an area that has been "identified [to] present more than a doubled increase in likelihood of developing cancer as compared to the vast majority of the U.S. population living in other areas." *Id.* at ¶ 45. The Complaint further states that "the EPA estimates that Class Members are up to 7 times more likely to develop cancer than the average American." *Id.* at ¶ 5. Plaintiff and putative Class Members are "at an increased risk of developing cancer, and periodic diagnostic medical examinations are reasonably necessary" as a result of Defendant's conduct. *Id.* at ¶ 46.

"Plaintiff seeks relief on behalf of herself and as representatives of all others who are similarly situated" pursuant to Fed. R. Civ. P. Rule 23(a), (b)(2), (b)(3) and (c)(4). *Id.* at ¶ 53. Plaintiff seeks certification of a class defined as follows:

> All natural persons who have resided within census tracts 54039000100, 54039012900, 54039000200 (the "class zone") for a period of one year or more, at any point between January 1, 1978 and the date of this complaint (the "class period").

3

*Id.* "Excluded from the Class are Defendant and any of its affiliates, parents or subsidiaries; all employees of Defendant; all persons who have been diagnosed with cancer; all persons who make a timely election to be excluded from the Class; government entities; and the judges to whom this case is assigned, their immediate families, and court staff." *Id.* at ¶ 54.

Plaintiff brings this class action against Defendant, alleging the following claims: (1) negligence (Count I); (2) ultrahazardous activity/strict liability (Count II); (3) medical monitoring (Count III); and (4) willful and wanton conduct (Count IV). Defendant moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 37]. On May 14, 2020, I granted Defendant's motion to dismiss, [ECF No. 37], as to negligence (Count I); ultrahazardous activity/strict liability (Count II); and willful and wanton conduct (Count IV). [ECF No. 47]. I denied Defendant's motion to dismiss, [ECF No. 37], as to Plaintiff's medical monitoring claim (Count III). I now review Defendant's Motion to Strike Class Allegations, [ECF No. 39], of the only remaining claim, medical monitoring (Count III).

## II. Legal Standard

Defendant brings its Motion to Strike, [ECF No. 39], pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D). *See* Def.'s Mot. to Strike Pl.'s Class Allegations, 1 [ECF No. 39].

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are considered "a drastic

remedy" disfavored by courts. *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc.*, 227 F. App'x 239, 247 (4th Cir. 2007).

Rule 23(d)(1)(D) provides courts with the authority to mandate the amendment of the pleadings. Fed. R. Civ. P. 23(d)(1)(D). "In short, Rule 23(d)(1)(D) can be used to remove class allegations from a complaint after the class certification issue has be properly presented and determined by a court." *Johnson v. Flakeboard Am. Ltd.*, No. CA 4:11-2607-TLW-KDW, 2012 WL 2237004, at *5 (D.S.C. Mar. 26, 2012), report and recommendation adopted, No. CIV.A. 4:11-2607-TLW, 2012 WL 2260917 (D.S.C. June 15, 2012).

Federal Rule Civil Procedure 23(c)(1)(A) provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). And it is therefore rare to make a class determination at the pleadings stage. *See id.*; *see also Goodman v. Schlesinger*, 584 F.2d 1325, 1332 (4th Cir. 1978) (holding that the district court acted prematurely in denying class certifications on the pleadings before discovery had occurred). "Certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (internal citation omitted). Indeed, "[c]ourts consistently deny such motions [to strike class allegations] because class allegations should not be addressed at the

pleading stage, before [P]laintiff has had full opportunity for discovery and to revise the class definition as necessary." *Alig v. Quicken Loans Inc.*, No. 5:12-CV-114, 2015 WL 13636655, at *3 (N.D.W. Va. Oct. 15, 2015). "This is precisely why Rule 23(c)(1) of the Federal Rules of Civil Procedure was amended: to require courts to determine whether to certify a lawsuit as a class action 'at an early practicable time' rather than at the pleading stage." *Id.* at *2; *see also Chenensky v. New York Life Ins. Co.*, No. 07 CIV. 11504 WHP, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) ("A motion to strike class allegations ... is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of ... litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.").

However, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160. Accordingly, a motion to strike a complaint's class allegations should be granted when "it is clear from the face of the complaint that the plaintiff cannot and could not meet [Fed. R. Civ. P.] 23's requirements for certification because the plaintiff has failed to properly allege facts sufficient to make out a class or could establish no facts to make out a class." *Williams v. Potomac Family Dining Grp.*

*Operating Co.*, No. GJH-19-1780, 2019 WL 5309628, at *5 (D. Md. Oct. 21, 2019) (internal citations and quotation marks omitted) (emphasis added).

The moving party has the burden of demonstrating that the complaint is inadequate. "To be clear, the plaintiff retains the ultimate burden of demonstrating that the requirements for certification are met in a class action." *Williams v. Potomac Family Dining Grp. Operating Co.*, LLC, No. GJH-19-1780, 2019 WL 5309628, at *5 (D. Md. Oct. 21, 2019). "But when a defendant files a pre-discovery challenge to class certification 'on the basis of the allegations in the complaint only,' the standard of review 'is the same as a motion to dismiss for failure to state a claim.'" *Id.* (citing *Blihovde v. St. Croix Cty.*, 219 F.R.D. 607, 613–14 (W.D. Wis. 2003)). In general, to state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Turning to the substantive requirements of class certification under Federal Rule of Civil Procedure 23, the Rule requires a two-step process. *See United Bhd. of Carpenters & Joiners, Local 899 v. Phoenix Assoc., Inc.*, 152 F.R.D. 518, 521 (S.D.W.Va.1994). First, the plaintiffs must show that their proposed class satisfies all four of the prerequisites of Rule 23(a): commonality and typicality of issues, adequacy of representation, and numerosity rendering the joinder of all members impracticable. Fed. R. Civ. P. 23(a). Second, the action must fall within at least one of the subsections of Rule 23(b). *See Lukenas v. Bryce's Mountain Resort*, 538 F.2d

594, 595 n. 2 (4th Cir.1976). In addition to the requirements set out by Rule 23, there is an implied requirement that the proposed class be ascertainable. *Roman v. ESB*, 550 F.2d 1343, 1348 (4th Cir.1976). In this case, Plaintiff proceeds under Rules 23(b)(2), 23(b)(3), and 23(c)(4).

### III. Discussion

I find that the Complaint in this case, on its face, properly alleges facts sufficient to claim a class action and that it would be premature to decide the issue of class certification at this stage in the proceedings. Defendant here has not cleared the high bar of showing that taking the allegations in the Complaint as true, the proposed class could not plausibly satisfy the requirements of Rule 23. *Alig*, 2015 WL 13636655, at *3; *see also* Fed. R. Civ. P. 23.

Defendant largely argues that Plaintiff and putative Class Members fail to meet the commonality requirement of Fed. R. Civ. P. 23(a)(2) and the cohesiveness requirement of Fed. R. Civ. P. 23(b)(2) and 23(b)(3). In doing so, Defendant relies heavily on *Rhodes v. E.I. du Pont de Nemours & Co.*, 253 F.R.D. 365 (S.D.W. Va. 2008) and *Coleman v. Union Carbide Corp.*, No. CIV.A. 2:11-0366, 2013 WL 5461855 (S.D.W. Va. Sept. 30, 2013). Both cases are procedurally inapposite. *Rhodes* and *Coleman* decided motions for class certification brought by the plaintiffs after the completion of discovery. *See Rhodes*, 253 F.R.D. at 367; *Coleman*, 2013 WL 5461855, at *1. And both cases involved "rigorous analysis" of whether the plaintiffs had presented sufficient evidence to meet the requirements of Rule 23. *See Rhodes*, 253 F.R.D. at 369; *Coleman*, 2013 WL 5461855, at *40–41. In *Rhodes*, I addressed at

length the issue of class certification in the context of a medical monitoring claim. *See* 253 F.R.D. at 365–381. The case in *Rhodes* involved a single defendant responsible for releasing a harmful substance, perfluorooctanoic acid, also known as PFOA or C–8, into a single water district well field. *Id.* at 367. The plaintiffs moved to certify a class of individuals who, for a period of at least one year since November 2, 2005, had been residential water customers in the relevant water district well field. *Id.* In that case, I explained that to succeed on a motion for class certification under Rule 23(b)(2),

> the plaintiffs must offer evidence that commonly proves the elements of a medical monitoring claim for each proposed class member. In evaluating that evidence, I must determine if it has the potential to commonly prove that: each potential class member has experienced significant exposure; each has experienced a significantly increased risk of disease; and a reasonable doctor considering the exposure and increased risk of each individual would recommend medical monitoring different from what he would have prescribed absent the exposure. In making this determination, I must stop short of deciding the case on the merits.

*Id.* at 374. I found in *Rhodes* that "upon examining the evidence… plaintiffs ha[d] not shown that each of the potential class members claims can be proven by common rather than individualized proof, nor ha[d] they shown that the plaintiffs' class is cohesive." *Id.* I therefore denied the plaintiffs' motion for class certification. *Id.*

Similarly, in *Coleman*, the Honorable John T. Copenhaver analyzed a medical monitoring claim in the context of class certification. *See* 2013 WL 5461855, at *40–41. That case involved "a medical monitoring class action for more than 30 diseases that involves seven defendants, potentially responsible for releasing 17 substances,

nearly all of which are naturally occurring, into the ambient air of multiple communities rather than a direct water-line route, with two class definitions having a decades-long retrospective period." *Id.* After a lengthy discussion of the expert testimony offered by the plaintiffs, Judge Copenhaver found that the plaintiffs had failed to offer evidence that commonly proved the elements of a medical monitoring claim for each proposed class member. *Id.* at 41. He therefore denied the plaintiffs' motion for class certification. *Id.*

In this case, however, because discovery is not complete there is no evidence upon which to evaluate whether Plaintiff and putative Class Members have a common method of proof or whether individualized assessment of each class member is necessary. Defendant's arguments on the issues of commonality and cohesiveness of the putative Class's claims are merely speculation at this point in the proceedings. I find that the Complaint sufficiently alleges facts necessary to plead a Class Action claim for medical monitoring and that striking the allegations would be premature. Accordingly, I **DENY** Defendant's Motion to Strike. [ECF No. 39].

### IV. Conclusion

Defendant's Motion to Strike Class Allegations, [ECF No. 39], is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 3, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE