IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LEE ANN SOMMERVILLE, et al.,

        Plaintiffs,

v.                                            CIVIL ACTION NO.   2:19-cv-00878

UNION CARBIDE CORPORATION,

        Defendant.

ORDER

Pending before the court is a Motion to Dismiss brought by Defendant Dow Chemical Company and Defendant Dow Inc. [ECF No. 140]. I will be referring to these two Defendants collectively as the Dow Defendants. Plaintiff has responded, and the Dow Defendants have replied. This motion is ripe for decision. For the sake of clarity, I will restate the relationship between Union Carbide Corporation, the Dow Chemical Company, and Dow Inc. The Dow Chemical Company is a parent company of Union Carbide Corporation. Dow Inc. is a parent company of the Dow Chemical Company and therefore of Union Carbide as well. [ECF No. 130, at 3].

In their Motion, the Dow Defendants assert that they cannot be held liable for actions of Union Carbide because a parent corporation is generally not liable for the acts of its subsidiaries. *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 350 (4th Cir. 1998).

According to the Dow Defendants there are no allegations in the Second Amended Complaint that warrant an exception to this premise. In opposition to the motion, Plaintiff asserts that he is not trying to hold the Dow Defendants vicariously liable for the actions of Union Carbide, but rather is attempting to hold the Dow Defendants directly liable for their own conduct, or in the alternative, that Union Carbide and the Dow Defendants are operating in a joint venture. [ECF No. 172, at 5–9].

The standard for assessing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is well known; I need not restate it here. At issue for this motion is whether Plaintiff has sufficiently alleged facts in his Second Amended Complaint that may hold either of the Dow Defendants directly liable for the harmful conduct stated in the Complaint or to hold them liable as a participant in a joint venture with Union Carbide. Judge Copenhaver described the theory of parent company direct liability at length in *Good v. American Water Works*:

> The "direct liability" doctrine, as best understood, teaches that a parent corporation is responsible for its own torts in the same way that any other business is. In *Bestfoods*, which focused on a parent company's direct liability under a federal statute for operating a polluting chemical facility, the Supreme Court emphasized that "[t]he question is not whether the parent operates the subsidiary, but rather whether it operates the facility, and that operation is evidenced by participation in the activities of the facility, not the subsidiary." While "[c]ontrol of the subsidiary, if extensive enough, gives rise to indirect liability under piercing doctrine," it does not allow for direct liability.

*Good v. Am. Water Works Co., Inc.*, No. CV 2:14-01374, 2016 WL 5402230, at *8 (S.D. W. Va. Sept. 26, 2016) (internal citations removed).

Therefore, to survive this Motion to Dismiss, Plaintiff must have alleged facts showing that the Dow Defendants "became directly involved" as a participant in particular actions – either alone or in concert with the subsidiary – that raise cognizable tort claims. *United States v. Bestfoods*, 524 U.S. 51, 72 (1998). Plaintiff must show specific, tortious "actions directed . . . by an agent of the parent" that "are eccentric under accepted norms of parental oversight of a subsidiary's facility." *Id.* This cannot be done with a showing of activities typical of a parent corporation such as monitoring performance, supervision of finance, or establishing general policies and procedures. *Id.*

Plaintiff asserts that she has alleged the direct liability twice in the Second Amended Complaint: (1) "Union Carbide and Dow continue to operate manufacturing facilities that emit EtO." [ECF No. 85, ¶ 41] and (2) "Union Carbide and Dow caused EtO to be emitted into the air, and breathed by Plaintiff and Class Members." [ECF No. 85, ¶ 41].

A thorough review of the Second Amended Complaint reveals that the Dow Defendants are referenced only sparingly. First, they are introduced with regards to their relationships to each other. "The Dow Chemical Company is a Delaware corporation with its principal place of business in Midland, Michigan. It is the parent company and owner of Defendant Union Carbide. It is a wholly owned subsidiary of Defendant Dow Inc." [ECF No. 85, ¶ 10]. "Dow Inc. is a Delaware corporation with its principal place of business in Midland, Michigan. It is the parent company and owner of Defendant The Dow Chemical Company." [ECF No. 85, ¶ 11]. The Second Amended

Complaint then alleges that Union Carbide and the Dow Defendants are engaged in a joint venture. [ECF No. 80, ¶ 12]. "Union Carbide, The Dow Chemical Company and Dow Inc. constituted a joint venture in connection with the South Charleston Facility inasmuch as they agreed to undertake ownership and operation of the Institute Facility jointly for the purpose of sharing associated profits and losses, and in connection therewith, each contributed their respective skills, property or resources in exercising control or a right of control over the facilities." *Id.* There are no other mentions of the Dow Defendants in the Second Amended Complaint other than general allegations against "each defendant." *See* Cloninger v. Harvey, No. CV 3:20-0170, 2020 WL 2559949, at *4 (S.D. W. Va. May 20, 2020) ("[C]ourts often reject claims that do not specify the actions of particular defendants.").

The bar that Plaintiff's allegations must rise to is not high. Accepting all of Plaintiff's allegations as true, Plaintiff must merely have alleged that the Dow Defendants became directly involved with the tortious conduct at issue in this case. Plaintiff falls short of this standard. The Dow Defendants are never referenced apart from their subsidiary, Union Carbide. There are no allegations that either of the Dow Defendants have acted outside of the typical role of a parent company. Plaintiff is correct that he is not required to prove his case at this stage of litigation, but he must have at least alleged specific facts that when accepted as true would satisfy the elements of his claim. Merely naming the Dow Defendants three times in the Second Amended Complaint always in connection with their subsidiary company is insufficient to do this.

Plaintiff's claim that the Dow Defendants are subject to liability because they acted in a joint venture with Union Carbide fails for the same reason. Under West Virginia law, a joint venture "is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge." *Armor v. Lantz,* 535 S.E.2d 737, 742 (W.Va. 2000) (quoting *Price v. Halstead,* 355 S.E.2d 380, 384 (W. Va. 1987)). "[A] joint venture arises out of a contractual relationship between the parties. The contract may be oral or written, express or implied." *Price,* 355 S.E.2d at 384; *accord Sipple v. Starr,* 520 S.E.2d 884, 892 (W. Va. 1999). "[M]embers of a joint venture are . . . jointly and severally liable for all obligations pertaining to the joint venture, and the actions of the joint venture bind the individual co-venturers." *Armor,* 535 S.E.2d. at 742. "In addition, each venturer is liable for the unlawful acts of a co-venturer when the act is committed within the scope of the venture and with the implied consent of the venturer." *Short v. Wells Fargo Bank Minn., N.A.,* 401 F. Supp. 2d 549, 563 (S.D.W.Va.2005); *see also* 46 Am. Jur. 2d *Joint Ventures* § 42.

Allegations that two entities or people are engaged in a joint venture must be supported by factual allegations to support that conclusion. *Bennett v. Lending Solutions, Inc.,* 2011 WL 4596973, at *4 (S.D. W. Va. Sept. 30, 2011); *Proffitt v. Greenlight Fin. Servs.*, No. 2:09-cv-01180, 2011 WL 1485576, at *5 (S.D. W. Va. Apr. 19, 2011). A mere recitation of the elements of a joint venture calls for the dismissal of a claim brought under that theory. *Accord Giarratano v. Johnson*, 520 F.3d 298, 304 (4th Cir. 2008); *Glassman v. Arlington County*, 628 F.3d 140, 146 (4th Cir. 2010).

Here, like in *Bennett*, Plaintiff has failed to take a step beyond a mere recitation of the elements of joint venture liability in West Virginia. Plaintiff raises the joint venture theory in the Second Amended Complaint only once: "Union Carbide, The Dow Chemical Company and Dow Inc. constituted a joint venture in connection with the Institute Facility inasmuch as they agreed to undertake ownership and operation of the Institute Facility jointly for the purpose of sharing associated profits and losses, and in connection therewith, each contributed their respective skills, property or resources in exercising control or a right of control over the facilities." [ECF No. 85, ¶ 12]. While the Second Amended Complaint does include a factual narrative, it includes no factual allegations supporting the idea that the Dow Defendants and Union Carbide worked together in a joint venture.

The Dow Defendants' Motion to Dismiss [ECF No. 140] is **GRANTED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 3, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE