IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| LEE ANN SOMMERVILLE, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>UNION CARBIDE CORPORATION, *et al.*<br><br>*Defendants.* | Civil Action No. 2:19-cv-00878<br><br>Judge Joseph R. Goodwin |

**DEFENDANTS' JOINT MOTION IN LIMINE TO**
**<u>PRECLUDE PLAINTIFF FROM REFERENCING COMBINED EMISSIONS VALUES</u>**

Defendants Union Carbide Corporation ("UCC") and Covestro LLC ("Covestro" and, together with UCC, "Defendants") jointly request that the Court enter an order prohibiting Plaintiff Lee Ann Sommerville from presenting emission values that combine the emissions of Defendants and precluding references to the South Charleston facility as a single operation or emissions source.

To maintain her medical-monitoring claim on a class-wide basis against each Defendant, Plaintiff "must show that" she can commonly prove that "each potential class member has experienced significant exposure" to each Defendant's ethylene oxide emissions. *Rhodes,* 253 F.R.D. at 374. But the "cumulative exposure" figures produced by Dr. Sahu's model combine impacts from Union Carbide's operations at South Charleston with Covestro's South Charleston operations. So, they say nothing about Plaintiff's (or anyone else's) alleged exposure to Union Carbide's or Covestro's emissions only.

This is undisputed. Dr. Sahu admits that his opinions present "the results from both plants"—*i.e.*, combining estimated impacts from Union Carbide's Institute and South Charleston

operations with Covestro's South Charleston operations. Ex. 1, Sahu Rebuttal Rep. at 17. Separating the sources should not have been difficult, because there are specific emissions points for UCC and Covestro at South Charleston, and Defendants report separately the emissions for each emission point. And Dr. Sahu's failure to segregate estimated impacts greatly affects his conclusions. For example, Union Carbide and Covestro each only represents a fraction of the ethylene oxide emissions from South Charleston. *See* Ex. 2, Kuhlman Rep. at 18.

Put simply, evidence of Covestro's emissions are not relevant to Plaintiff's case against Union Carbide and vice versa. *See, e.g.*, *Madison v. Harford Cty.*, No. 12-1120, 2013 WL 4008859, at *17 (D. Md. Aug. 2, 2013) (ordering summary judgment briefing and directing that "Plaintiffs must specify which particular Defendants they contend can be held liable on Count IV for which particular actions and present evidence in support of those particular contentions"); *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 661 (E.D.N.C. 2003) (granting summary judgment for some defendants to conspiracy claim and noting that "Plaintiffs must produce evidence with respect to each defendant"); *Rodgers v. NVR Inc.-Ryan Homes*, No. 23-179, 2023 WL 5493602, at *2 (W.D.N.C. Aug. 24, 2023) (ordering Plaintiff to amend complaint and specifying that "Plaintiff must allege facts that tie her claims to each named Defendant.").

This is why, in multi-defendant toxic-exposure cases, a plaintiff must "make a showing with respect to *each* defendant that the defendant's product was a substantial factor in plaintiff's injury." *Agner v. Daniel Int'l Corp.*, No. 98-220, 2007 WL 57769, at *4 (W.D.N.C. Jan. 5, 2007) (internals omitted and emphasis added); *see also* W. Va. Code § 55-7-13c(a) ("In any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint." (emphasis added)); *Corotoman, Inc. v. Cent. W. Va. Reg'l Airport Auth., Inc.*, No. 21-545, 2022 WL 585798, at *6 (S.D. W. Va. Feb. 25, 2022) (Berger, J.) ("[T]he West Virginia legislature abandoned joint-and several liability in 2015.").

Further, allowing combined emissions values or referring to the South Charleston facility as a single operation or emission source would be unfairly prejudicial and would confuse the jury. *E.g.*, *Greene v. 4520 Corp., Inc.*, No. 21-74, 2023 WL 3513306, at *2 (E.D.N.C. May 17, 2023) (denying consolidation of actions because presenting combined evidence "would likely aggravate the complexity of the causation and damages inquiry and tempt the imputation of the life and circumstances of one for the benefit of the other, regardless of the individual character of each claim").

Finally, Plaintiff "must demonstrate" her "standing with the manner and degree of evidence required at the successive stages of the litigation." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (internals omitted). Article III's traceability requirement mandates that Plaintiff not combine the emissions of Defendants because, as the Supreme Court has long made clear, "standing is not dispensed in gross." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006). Rather, Article III requires that Plaintiff present evidence that ties her alleged injury "to each defendant." *See Fox v. Saginaw Cty., Mich.*, 67 F.4th 284, 293 (6th Cir. 2023); *see also id.* ("Just as a plaintiff's standing to seek damages does not give the plaintiff standing to seek an injunction, so too a plaintiff's standing to sue one defendant does not give the plaintiff standing to sue every other defendant." (internals omitted)).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an order prohibiting Plaintiff Lee Ann Sommerville from presenting emission values that combine the emissions of Defendants and precluding references to the South Charleston facility as a single operation or emissions source.

Dated: January 15, 2024

Charleston, West Virginia

Respectfully submitted,

*/s/ Patricia M. Bello*
R. Scott Masterson (WV Bar #10730)
Patricia M. Bello (WV Bar #11500)
LEWIS BRISBOIS BISGAARD & SMITH LLP
707 Virginia Street East
Suite 1400
Charleston, WV 25301
Tel: 304-553:0166
Scott.Masterson@lewisbrisbois.com
Patricia.Bello@lewisbrisbois.com

and

John L. Ewald (NYSB #4227930, pro hac vice)
Kristen Fournier (NYSB #4439857, pro hac vice)
Alvin Lee (NYSB #4829545, pro hac vice)
KING & SPALDING LLP
1185 6th Avenue
New York, NY 10036
Tel: 212-556-2100
jewald@kslaw.com
kfournier@kslaw.com
alee@kslaw.com

*Counsel for Union Carbide Corporation*

*/s/ David A. Fusco*
David A. Fusco (WVSBN 10725)
david.fusco@klgates.com
Travis L. Brannon (WVSBN 12504)
travis.brannon@klgates.com
Wesley A. Prichard (pro hac vice)
wesley.prichard@klgates.com
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
T: (412) 355-6500

and

Jon B. Orndorff (WVBSN 7763)
jon.orndorff@om-pllc.com
Kelly Calder Mowen (WVBSN 12220)
kelly.mowen@om-pllc.com
ORNDORFF MOWEN PLLC
135 Corporate Centre Drive, Suite 524
Scott Depot, WV 25560
Tel. 866.481.2765/Fax 681.245.6313

*Counsel for Defendant Covestro LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| LEE ANN SOMMERVILLE, individually, and on behalf of all others similarly situated,<br>*Plaintiff*,<br>v.<br>UNION CARBIDE CORPORATION, *et al.*,<br>*Defendants*. | Civil Action No. 2:19-cv-00878<br>Judge Joseph R. Goodwin |

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on January 15, 2024, the foregoing **DEFENDANTS' JOINT MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM REFERENCING COMBINED EMISSIONS VALUES** was electronically filed with the Court using the CM/ECF system, which will send a Notice of Electronic Filing to, and constitutes service on, counsel of record.

*/s/ Patricia M. Bello*
Patricia M. Bello (WV Bar #11500)
LEWIS BRISBOIS BISGAARD & SMITH LLP
707 Virginia Street East
Suite 1400
Charleston, WV 25301
Tel: 304-553:0166
Patricia.Bello@lewisbrisbois.com